# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-27472-JKF |
| Michael R. Lindsay and | : | |
| Lorraine J. Lindsay, | : | CHAPTER 13 |
| Debtors | : | |
| | : | RELATED TO DOCKET NO. 38 |
| JPMorgan Chase Bank, | : | |
| National Association, | : | HEARING DATE & TIME: |
| Movant | : | 3/30/2011 at 9:30 a.m. |
| vs. | : | |
| | : | |
| Michael R. Lindsay and | : | |
| Lorraine J. Lindsay, | : | |
| Ronda J. Winnecour, Esquire, | : | |
| Trustee, | : | |
| Respondents | : | |

## RESPONSE TO JPMORGAN CHASE BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**AND NOW** come the Debtors, Michael R. Lindsay and Lorraine J. Lindsay, by and through their attorney, Jason J. Mazzei, Esquire, and the law firm of Mazzei & Associates, and files the within Response to JPMorgan Chase Bank's Motion for Relief From the Automatic Stay, and in support of avers as follows:

1. Admitted.

2. Admitted.

3. Denied. It is denied that the original price of the mortgage was in the amount of $50,000.00 and strict proof of this allegation is demanded at the time of trial hereof.

4. Admitted.

5. Admitted

6. Admitted.

7. Admitted.

8. Denied. Strict proof of this allegation is demanded at the time of trial hereof.

9. Denied. Strict proof of this allegation is demanded at the time of trial hereof.

10. Denied. Strict proof of this allegation is demanded at the time of trial hereof.

11. Denied. Strict proof of this allegation is demanded at the time of trial hereof.

12. Denied. Strict proof of this allegation is demanded at the time of trial hereof.

13. Denied. Strict proof of this allegation is demanded at the time of trial hereof.

14. Denied. The Debtors have in interest in the property as they recently hired a realtor to sell the property located at 1029 Raven Drive, Pittsburgh, Pennsylvania 15243, as they believe there is equity in the property. The Debtors will be filing an Application to Employ Real Estate Agent in the near future.

15. Denied. Strict proof of this allegation is demanded at the time of trial hereof.

16. Denied. Strict proof of this allegation is demanded at the time of trial hereof.

17. The allegation set forth in Paragraph 17 is a conclusion of law, to which no response is necessary. To the extent a response is deemed necessary, then the same is denied.

18. Denied.

**WHEREFORE,** the Debtors pray that this Honorable Court:

1. Deny JPMorgan Chase Bank's motion for relief from the automatic stay.

2. Order any other relief that the Court deems just and proper.

                                                   Respectfully submitted,

Date: <u>March 20, 2011</u>                      <u>/s/ Jason J. Mazzei</u>
                                                   Jason J. Mazzei, Esquire
                                                   PA I.D. # 83775
                                                   Mazzei & Associates
                                                   Professional Office Building
                                                   432 Boulevard of the Allies
                                                   Pittsburgh, PA  15219
                                                   Tel:  (412) 765-3606
                                                   Fax:  (412) 765-1917
                                                   E-mail:  jm@debt-be-gone.com
                                                   Attorney for Debtors