Case 10-27472-JKF    Doc 48    Filed 04/05/11    Entered 04/05/11 15:12:56    Desc Main
                    Document      Page 1 of 3

FILED
APR 5 2011
CLERK
U.S. BANKRUPTCY
COURT - PGH

**Hearing for March 31, 2011 at 5:00 p.m.**

10-27472F Michael & Lorraine Lindsay   #10   Contested 11-15-10 Plan (N)
                                            +Obj by: JP Morgan Chase

10-27472F Michael & Lorraine Lindsay   #38   Relief from Stay
           (JP Morgan vs.)                   +Response by Debtor


Trustee: Gregg
J P Morgan - Borsani
Bruce Campbell - Trustee of estate of Geo Charis - 1st mortgagee
Mazzei - debtors


SUMMARY:   TRUSTEE:
arrears of 6063 on plan filed Oct 21 of 2010

mortgage matures during the plan and has issue re revocable trust and secured claim of JP Morgan in claim for 60, 419 that isn't in the plan and is listed as unsecured in schedules


Borsani - Chase
granted loan of 50,000 in July 2007 by WMU with mortgage and deed was recorded but mortgage wasn't and when WMU collapsed, JP Morgan purchased the assets and filed a writ of summons in Alleg County and filed lis pendens v the property and sought to file complaint to quiet title at GD10-007597 and debtors filed bankruptcy before that was resolved

so wants Relief from Stay to finish the quiet title because this is a cloud on the title - intended to record the mortgage and wants to do that now - wouldn't foreclose on the property but wants to record

McCullough dec'd in re Altman - 223 BR 481 and question was whether lis pendens can be avoided as a preference -

action was filed in April of 2010 and case was filed more than 90 day period so isn't a preference

but the main issue is notice that there is an issue re the title and if can't

clear it up then it will pass thru the bankruptcy and become secured later

would be in debtor's best interest to let the mortgage be recorded - this is on their home but not aware of the maturity date

Campbell - mortgage of his client is the one that matured in 2008 with a delinquent and they reset the mortgage but then Debtor made no payments - has received nothing in couple of years

hasn't filed anything of record - supports dismissal of the case - it's a direct pay case with no Wage Order and that hurts survival chances and arrears on the mortgage aren't addressed - wants to pay arrears over 5 years and property is now ins'd by Debtor but at end of plan, will be worse off than at date of filing

Debtor - re the amount of arrears - they are in the plan but is trtd as curing the arrears - if claim is filed, will examine it and see if it's approp'ly treated

Debtor intends to sell the house that is subject to Morgan's claim and that will result in 100% payment to creditors - just hired a realtor

husband is disabled and gets workers' compensation of 3225 per month and 800 per month from business operations and wife doesn't work

they've made several plan payments but were in arrears at beginning of plan

Trustee does have more than half of what is owed

this is the opportunity to sell the property - and has to address the lis pendens

creditor Chase - they can't sell free and clear without clearing up the lis pendens

Chase should have been first on 1029 Raven Drive

Cliff Tuttle - there is a residence in Lincoln Boro that is the place where they live and then a rental property that is owned by a family trust for which Debtor and his brother are beneficiaries - so the estate of Cheris is a

purchase money mortgage for 182,000 on date of filing of Proof of Claim and is now about 195,000 - and doesn't know if it would sell for that amount in this property - it's the highest assessed property in the boro

thinks the other pro is owned by a trust and not by the Debtor

Borsani - there is quitclaim deed made by husband Debtor that says it's the Trust that owns the property

Mazzei - agrees that it's the rental property that is subject to the Relief from Stay - it's owned by the trust so Debtor has an interest in the trust and manage the trust

Trustee - has to sure the properties are owned and encumbered and by whom before go forward

OUTCOME - Doc. #38 - JP Morgan Chase to brief the motion for Relief from Stay by May 2 and Mazzei's response brief by May 20 and argument will be held on May 26 at 4:30 - reserve the half hour for this argument please

OUTCOME - Doc. #10 - Debtor to file an amended plan to include the mortgage on the home by April 22 with a notice that objections are due on or before May 13 and confirmation hearing in Trustee's office May 19 at 2 PM - if no amended plan is filed by April 22, then debtors may file notice of conversion to chapter 7 by April22 and if neither is filed, then on April 25 the case will be dismissed without prejudice  - **\*CONNIE - TICKLE THIS AND IF IT'S CONVERTED DO NOT TRANSFER IT UNTIL AFTER I HEAR THIS RELIEF FROM STAY ISSUE**

*Judith K. Fitzgerald*
cgt